**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
────────────────────────────────

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

          **v.**                                    **12-CR-155A**

**LORENZO SNOW,**

                    **Defendant.**
────────────────────────────────

## DECISION AND ORDER

          This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.  Text Order of Referral, May 21, 2012.


## PRELIMINARY STATEMENT

          The defendant, Lorenzo Snow ("Snow"), along with his co-defendant,

Angelina Evans, is charged in a ten-count Indictment (Dkt. #17) with conspiracy to

possess with intent to distribute 28 grams or more of cocaine base (Count 1),

maintaining a premises for the purpose of manufacturing, distributing and using cocaine

base (Count 2) and possession with intent to distribute cocaine base (Counts 3-10).

What follows is this Court's Decision and Order with respect to defendant Snow's non-

dispositive discovery motions.  Dkt. #25.[1]

────────────────────

          [1] Defendant Snow first filed non-dispositive discovery motions on August 3, 2012
(Dkt. #23).  Thereafter, on August 10, 2012, defendant Snow filed Amended Motions
(Dkt. #25).  This Decision and Order will only address defendant Snow's Amended
Motions based on the assumption that the Amended Motions (Dkt. #25) were intended

## FACTS

Defendant Snow and co-defendant Angelina Evans were charged in a Criminal Complaint on March 5, 2012, with conspiracy to distribute a quantity of a mixture and substance containing cocaine base, in violation of Title 21, United States Code, Section 841(a)(1) and conspiracy to use and maintain a place for the purpose of distributing cocaine base, in violation of Title 21, United States Code, Section 856(a), all in violation of Title 21, United States Code, Section 846.  Dkt. #1.  The affidavit of United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives Special Agent James M. Lewer filed in support of the Criminal Complaint describes that a number of independent witnesses and confidential informants provided information that Snow was a Rochester, New York drug dealer who had been selling cocaine base and heroin in Lockport, New York.  In addition, the information revealed that Snow's unidentified sources of crack cocaine and heroin were located in Rochester and thereafter, he transported larger quantities of crack cocaine and smaller quantities of heroin from Rochester to Lockport several times per week, usually in a Ford Expedition, bearing NYS license plate FGH3117.  Dkt. #1, p.4.  Moreover, in or about the second week of December 2011, Snow arranged for Evans to reside at 129 Lock Street, Lockport, New York so that Evans could sell crack cocaine from that residence on a daily basis for Snow.  *Id*. at p.5.

---

to replace the first-filed Motions (Dkt. #23).

During the investigation, Evans and Snow were observed by law enforcement arriving/departing from the residence at 129 Lock Street at times in a Ford Expedition bearing NYS license plate FGH3117. *Id*. During the investigation, two confidential informants provided information based on personal observations and conversations with Snow and Evans, that Snow had arranged for Evans to reside at 129 Lock Street in order to sell crack cocaine on his behalf. *Id*. at p.6. In January 2012, a confidential informant made two controlled purchases from Evans at the residence. *Id*. Thereafter, on February 17, 2012, a search warrant was executed at 129 Lock Street and the following items were located in Evans' bedroom: approximately one ounce of cocaine; a small quantity of crack cocaine; a small quantity of marijuana; as well as multiple indicia of narcotics trafficking, such as an electronic scale and multiple new and unused baggies. *Id*. at p.7. The cocaine referenced above was hidden in a man's boot under Evans' bed. *Id*.

Also on February 17, 2012, co-defendant Evans agreed to a voluntary, custodial interview wherein she expressed a desire to assist in the investigation and provided multiple incriminating statements. *Id*. at p.8. Among other things, Evans stated that beginning in or about the second week of December 2011 until February 16, 2012, she had sold large amounts of crack cocaine in Lockport, New York on behalf of Snow. *Id*. On May 18, 2012, a Federal Grand Jury returned a ten-count Indictment charging Snow and Evans with conspiracy to possess with intent to distribute 28 grams or more of cocaine base, maintaining a premises for the purpose of manufacturing,

distributing and using cocaine base and possession with intent to distribute cocaine base. Dkt. #17. On October 3, 2012, defendant Evans, pursuant to the terms of a written plea agreement, entered a plea of guilty to Count 1 of the Indictment. Dkt. #29. As provided in the plea agreement, defendant Evans has agreed to cooperate with the government and upon the condition that defendant Evans fully complies with all the terms and conditions of the plea agreement and the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others, the government will move the Court at sentencing to depart downward at least two offense levels. *Id*. Sentencing is presently scheduled for February 8, 2013.

## DISCUSSION AND ANALYSIS

**Motion to Suppress Statements**

By this motion, defendant Snow, citing *Bruton v. United States,* 391 U.S. 123 (1968) and the Sixth Amendment, is seeking to preclude the admission into evidence of all post-arrest statements of co-defendant Evans. Dkt. #25, pp.3-5. Co-defendant Evans' statements to law enforcement following her February 17, 2012 arrest are detailed in Special Agent Lewer's affidavit in support of the Criminal Complaint and are summarized above. Since the filing of the instant motion, defendant Evans has plead guilty and has further agreed to cooperate with the government pursuant to the terms of her plea agreement. During oral argument, counsel for defendant Snow conceded that should co-defendant Evans testify at a trial of defendant Snow, the relief sought herein would be more appropriately presented as a motion *in limine* to the trial

judge. Accordingly, for the foregoing reason, defendant Snow's motion is denied as premature.

**Motion for a Bill of Particulars**

In twenty-five separately lettered requests, defendant Snow seeks the following particulars with respect to each count: (a) list of unindicted co-conspirators; (b) times, date and locations where Snow and other co-conspirators combined and agreed to possess with intent to distribute; (c) where "elsewhere" the co-conspirators allegedly conspired; (d) how Snow and the co-conspirators conspired to possess with intent to distribute; (e) a list of the overt acts taken by Snow and other co-conspirators; (f) the weight of all controlled substances Snow conspired to possess and the dates on which he conspired to possess each amount; (g) identify whether any individual present during the commission of any of the crimes was acting for the government; (h) the names of any persons present when the overt and substantive acts took place; (i) the date defendant Snow joined the conspiracy, the date the conspiracy ended, including when each defendant or unindicted co-conspirator left the conspiracy; (j) the quantity of controlled substances distributed by each defendant and each co-conspirator; (k) "state with particularity what knowledge the defendant had relative to the general contours of the conspiracy"; (l) state what the defendant knew and how he agreed to commit the charges in the indictment; (m) state what goals the defendant adopted in furthering or facilitating the criminal charges; (n) identify all the co-conspirators; (o) "state the date that the defendant entered into the conspiracy state with particularity all of the agreements the defendant made with respect to his participation in the conspiracy and

state with particularity the date when the defendant's involvement with the conspiracy ended"; (p) state the specific acts the defendant committed relative to the conspiracy in October 2011; (q) state the specific acts the defendant committed relative to the conspiracy in November 2011; (r) state the specific acts the defendant committed relative to the conspiracy in December 2011; (s) state the specific acts the defendant committed relative to the conspiracy in January 2012; (t) state the specific acts the defendant committed relative to the conspiracy in February 2012; (u) state with particularity what criminal acts the defendant knew of by other individuals either charged or not charged; (v) state whether the defendant committed any overt act not charged in the indictment; (w) "state with particularity the other individual or individuals the defendant allegedly agreed with that [sic] the acts contained in counts 1 through 10"; (x) "state with particularity the dates, times and places where the defendant knowingly, willfully an unlawfully combined, conspired and agreed together with others to commit the offense as set forth in Courts [sic] 1 through 10 of the indictment; and (y) "state the date the conspiracy began, the date when it ended and with particularity all acts, omissions and agreements which the defendant committed relative to his involvement on Counts 1 through 10 of the indictment."  Dkt. #25, pp.6-9.

In addition, defendant Snow asserts that the indictment is bare bones and that despite the fact that the indictment charges a conspiracy to distribute more than 28 grams of crack cocaine, the voluntary discovery provided only establishes evidence of an alleged sale of 4.37 grams of crack cocaine.  During oral argument counsel for defendant Snow referred the Court to the Second Circuit's recent decision in *United*

*States v. Gonzalez*, 686 F.3d 22 (2d Cir. 2012) with respect to their argument that the

Indictment on its face does not support the charging of the 28 grams or more of crack

cocaine which triggers a mandatory minimum penalty.[2]


It has become axiomatic that the function of a bill of particulars is to

apprise a defendant of the essential facts of the crime for which he has been charged.

*United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S.

985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the

Indictment, along with the discovery materials provided by the government, clearly

inform the defendant of the essential facts of the crimes charged. As a result, the

defendant is not entitled to, nor is he in need of, the "particulars" being sought for that

purpose.

> A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused." *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.
> denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72
> (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,
> 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars

---

[2] The Court has carefully reviewed *Gonzalez* and finds it to be distinguishable
from the facts of the instance case because, in part, Gonzalez contended on appeal
that the indictment under which he was convicted did not properly allege any quantified
amount of cocaine. In fact, the indictment in *Gonzalez* relied principally on the statutory
citation to Title 21, United States Code, Section 841(b)(1)(B) from which the drug
quantity charged was to be inferred. Here, the indictment specifies the alleged
conspiracy to possess with intent to distribute 28 grams or more of cocaine base.
Whether there is sufficient proof at trial to establish that the defendant conspired to
possess with intent to distribute 28 grams or more of cocaine base is a matter that will
be addressed by the trial court and/or the trial jury and is not a matter to be addressed
here.

> rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Motion for Revelation of Identity of Informants**

By this request, defendant Snow seeks the disclosure of the identity of any and all informants who may possess information which may be material to defendant's alleged guilt or innocence and who were present at any of the events described in the indictment. Dkt. #25, p.10. Moreover, defendant Snow requests the disclosure of any and all government reports containing information received from any informant which may be material to the instant case. *Id*. In addition, defendant Snow requests the whereabouts of the informants and asks that they be made available to the defense. *Id*. at pp.11-14. Finally, defendant Snow requests that the government be required to disclose the identity of its witnesses, as well as all *Giglio* material.

Relying principally on *Roviaro v. United States*, the government states in its response that the law recognizes a privilege to withhold the identities and backgrounds of confidential informants because "it recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Dkt. #26, p.9, *citing Roviaro*, 353 U.S. 53, 59 (1957). In order for disclosure to be warranted, the informant's testimony must be material to the defense presented and the defendant must make some evidentiary showing demonstrating why the informant's testimony is significant to determining the defendant's guilt or innocence. Here, the government maintains that defendant Snow has failed to demonstrate a particularized need for the disclosure of the informants' identities. Finally, with respect to defendant Snow's request for the government to disclose reports containing information derived from the informants, the government states that it has turned over all documents in this case and that it redacted the times and locations on certain documents pursuant to the protective order in effect to prevent the defendant from identifying the exact identity of the informants. Dkt. #26, pp.11-12.

In order to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Moreover, the Court notes that the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S.

1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should

> have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). Absent the defendant stating a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case, the defendant's request is denied without prejudice. Without more, the Court finds that the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Accordingly, defendant's request is denied without prejudice.

**Motion for Discovery Pursuant to Rule 16
and Notice of Intention Pursuant to Rule 12**

As a threshold matter, the defendant acknowledges that the government has provided some voluntary discovery including one digital recording and has provided defense counsel the ability to listen to the recordings of two alleged buys. Dkt. #25,

p.17.  Defendant Snow requests copies of all the recordings of all the alleged buys, including those by co-defendant Evans.  Specifically, defendant Snow requests the disclosure of the following:

> a) copies of any and all records, including reports and/or logs, relating to the alleged conspiracy and the arrest of all co-conspirators;
>
> b) copies of all records, including reports and/or logs, regarding radio transmissions from the officers at any search warrant or arrest scene regarding the investigation;
>
> c) copies of any and all reports relating to the booking process in this case;
>
> d) copies of any reports and/or test results relating to determination of drug quantity or type of drug;
>
> e) copies of any and all photographs taken relating to this investigation;
>
> f) copies of any and all documents and photographs seized on the day of any searches in this case;
>
> g) inspection of all items seized from the defendant on the day of his arrest;
>
> h) disclosure of the names and identities of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports, and the results of tests, examinations or experiments which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at the trial;
>
> i) A copy of any search warrant or arrest warrant applied for and/or issued or denied during the course of this investigation (whether state, federal or local); and

j) pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, the defendant requests written notification of any evidence that the government intends to use in its case-in-chief that may, in any way, be subject to a motion to suppress and which the defendant is entitled to discover pursuant to Rule 16.

Dkt. #25, p.18. In addition to the foregoing, defendant Snow requests that the government disclose all the discovery to which he is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure, including, the defendant's statements, the defendant's prior record, documents and tangible objects, intercepted communications, notification of evidence obtained by search and seizure, notification of any identification procedures, reports of examinations and tests and *Jencks* Material. *Id*. at pp.19-23.

In its response, the government states,

In the instant case, the government represents that it has provided all discovery required under Rule 16 or has made such discovery available to [sic] inspection by defense counsel. The defendant specifically requests the recordings of the sales related to his co-defendant, Angelina Evans. These buys were performed by CI's working for the Government. Pursuant to the protective order currently in effect, the government requests the court deny this specific request. The government is aware of its obligation to provide continuing Rule 16 discovery if and when such becomes known to the government, and agrees to comply with this requirement.

Dkt. #26, p.12. Based on the representations made by counsel for the government, defendant's Rule16 discovery demands are denied as moot.

In addition, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, defendant Snow seeks the immediate disclosure of notice setting forth any evidence to which the defendant may be entitled pursuant to Rule 16 and which the government intends to use at trial. In its response, the government states,

> The defendant is hereby notified that the government intends to introduce at trial all of the evidence and documents previously disclosed to the defendant, including the recordings of the defendant and his co-conspirators as well as all items located during the execution of the search warrant at the drug premises. The items not sent to defense counsel are available for review upon prior appointment with government counsel.

Dkt. #26, p.13. Based on the notice supplied by the government, as excerpted above, the defendant's request for notice pursuant to Rule 12 of the Federal Rules of Criminal Procedure is denied as moot.


**Motion to Compel Production of *Brady* Material**

Within his broad request labeled "*Brady* Material," the defendant seeks disclosure of the following categories of documents, information tending to exonerate defendant Snow, evidence tending to impeach the credibility of any prospective government witness, the name, address and any statements made by any witness, co-defendant or person the government believes may have information helpful to the preparation of a defense. Dkt. #25, pp.23-37. As a threshold matter, in its response the government notes that many of the requests made by defendant Snow pursuant to *Brady*, are not covered by *Brady,* rather, they seek, for example, impeachment material

pursuant to *Giglio*.  Thus, the Court will treat this request principally as one for *Brady* and *Giglio* material.  In its response, the government further states,

> In this case, the government agrees to provide impeachment <u>Brady</u> material, i.e., promises of leniency or immunity agreements with government witnesses, plea and/or non-prosecution agreements and letters or memorandum of understanding regarding such, criminal arrest records of all prosecution witnesses, immoral, vicious or criminal acts committed by witnesses, prior inconsistent statements, any payments to witnesses or family members thereof, and all other promises or considerations given by government personnel to government witnesses or family members thereof, in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the Jencks Act material in this case.

Dkt. #26, p.16.


"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that

policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Rule 404(b), 608 and 609 Material**

By this request, the defendant "respectfully requests that the government notify him of any evidence that the government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence." Dkt. #25, p.37. In addition, the defendant also requests pretrial disclosure of any other evidence the government intends to use to impeach the defendant's credibility should he choose to testify. The defendant also requests a pre-trial hearing to determine the admissibility of such evidence. *Id*. Moreover, the defendant also requests discovery of all information pertaining to the character and/or conduct that may be used to impeach any witness the government intends to call. *Id*. In its response, the government states that,

> [d]efendant moves for pretrial disclosure of any evidence the
> government intends to introduce at trial pursuant to 404(b) of
> the Federal Rules of Evidence. The government will provide
> notice of Rule 404(b) information to the defense, pursuant to

the District Court's scheduling order.  As such, the
defendant's request should be denied.

Dkt. #26 p.17.


Rule 404(b) only requires that "the prosecution. . . provide reasonable

notice in advance of trial. . . of the *general* nature of any such evidence it intends to

introduce at trial." (Emphasis added).  Insofar as the government has indicated that it

intends to comply with any pretrial disclosure order entered by the trial judge and

further, that it understands its disclosure obligations, defendant's request is denied as

moot.  The Court notes that the issue of admissibility of such evidence pursuant to

Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination

of the trial judge at the time of trial.  Accordingly, the defendant's request for an Order

with respect to admissibility of such evidence is denied.


With respect to the defendant's request pursuant to Rule 608, Rule 608

does not contain the same pretrial notice as set forth in Rule 404(b).  Therefore, there is

no requirement on the part of the government to make any disclosure of evidence, or its

intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore,

defendant's request in this regard is denied.  With respect to the defendant's request

pursuant to Rule 609, based on the representations made by counsel for the

government, defendant's request is denied as moot.  The government is hereby

reminded that should the government learn of evidence of other crimes, wrongs and

acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609

(impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* material and the disclosure requirements set by the trial judge in advance of the trial.

**Witness Statements**

By this request, the defendant seeks the early disclosure of witness statements pursuant to Title 18, United States Code, Section 3500. Dkt. #25, pp.38-39. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the government's acknowledgment of its obligation to disclose witness statements, and its indication with respect to other matters, that it will comply with the trial judge's pretrial order, this Court concludes that the government will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, therefore, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals'

-18-

holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Preservation of Rough Notes**

By this request, the defendant seeks an Order from this Court requiring all government agents and officers who participated in this investigation to retain and preserve all rough or handwritten notes taken as part of their investigation, regardless of whether or not the contents of the notes are incorporated in official records. Dkt. #25, p.39. In addition, the defendant also requests an Order from this Court directing the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their investigation of defendant. *Id*. In its response, the government states,

> Defendant has moved for the preservation by government agents of rough notes and other evidence. Appropriate instructions will be given to the agents involved in the investigation regarding the preservation of evidence.
>
> With respect to the preservation of rough notes, defense counsel should be aware that in this Circuit, notes of a government agent which were later incorporated into a written report need not be preserved or produced. Moreover, even if retained, rough notes are not discoverable, even as Jencks Act material.

Dkt. #26, pp.17-18 (internal citations omitted)

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its agreement to instruct the agents to preserve evidence, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).  Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

**Motion for Grand Jury Transcripts**

By this request, the defendant seeks an Order pursuant to Rule

6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure for the disclosure of the

transcripts of the testimony and all exhibits presented to the Grand Jury that indicted

the defendant.  Dkt. #25, p.39.  Defendant Snow's request, in its entirety states,

> Mr. Snow moves the Court, pursuant to Federal Rules of
> Criminal Procedure 6(e)(3)(C)(i), for disclosure of transcripts
> of all testimony before and all exhibits considered by the
> grand jury that indicted Mr. Snow.  The Court should order
> production of the transcripts because the defendant has a
> particularized need for the transcripts, outlined below, which
> outweighs the grand jury's policy of secrecy.

*Id*. (internal citations omitted).  The government opposes this request claiming that

defendant Snow failed to articulate a specific allegation of either prosecutorial

misconduct or impropriety before the Grand Jury which would entitle him to the

disclosure of the Grand Jury transcripts.  Dkt. #26, p.24.


It is a long-established rule that "[t]he burden. . . is on the defense to show

that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the

policy of secrecy."  *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400

(1959).  Here, the defendant makes no attempt to offer a "particularized need" sufficient

to require disclosure of the grand jury proceedings as requested by him.  It is pointed

out that transcripts of grand jury testimony of witnesses called by the government to

testify at trial must be made available to the defendant pursuant to and in accordance

with the provision of 18 U.S.C.  § 3500.  It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).  Furthermore,

> An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).  Therefore, defendant's request for disclosure of the grand jury proceedings is denied.


**Motion for Leave to Join in Co-Defendant's Motions**

By this motion, defendant Snow seeks to "adopt any motions filed by [his] co'defendants [sic] is made in the interest of judicial efficiency.  Permitting Mr. Snow to join in his co-defendants motions that apply to him either factually or legally will avoid duplicate filings by defense counsel.  Mr. Snow asks that he be deemed to join in any motion filed by a co-defendant unless he gives notice to all parties and the Court that he will not join the motion."  Dkt. #25, p.40.  This request is denied as moot insofar as defendant Snow's co-defendant, Evans, did not file any pre-trial motions and as noted above, has entered a plea of guilty and is awaiting sentencing.


**Voir Dire of Expert Witnesses**

By this request, the defendant seeks an Order permitting his counsel to conduct *voir dire* of any proposed government expert witness at trial outside the presence of the jury.  Dkt. #25, pp.40-41.  In support of his request, the defendant

asserts that "[i]n the present case, complete discovery has not been received from the government, including the names of and summaries by the government's proposed experts, if any, pursuant to Rule 16 of the Federal Rule of Criminal Procedure. Therefore, this motion is made so that if the government subsequently identifies any experts (such as to identify questioned substances), defendant counsel may voir dire the expert outside the presence of the jury."  Dkt. #25, p.41.

In its response, the government states, "this particular motion is not appropriate at this time.  Such a motion should be submitted to Judge Arcara in accordance with his Pretrial Scheduling Order."  Dkt. #26, p.25.  Insofar as the government appears to leave open the possibility that it may rely on expert testimony and will comply with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence concerning pretrial disclosure of documents and information relating to those experts, any motion *in limine* concerning the credibility of the proposed government expert witness and the admissibility of any expert's testimony should be left to the discretion of the trial judge.  Accordingly, defendant's motion concerning *voir dire* of an expert witness outside the presence of the jury is premature and is denied as moot.

**Audibility Hearing**

By this request, the defendant requests that the Court hold an audibility hearing to determine whether any tapes that the government seeks to introduce at trial are audible.  Dkt. #25, p.41.  In its response, the government states that it consents to a

hearing to determine the audibility of the tapes as evidence, to the extent that the parties cannot reach an agreement as to the tape's contents.  Dkt. #26, p.25.

It would appear that neither counsel for the defendant nor counsel for the government have advised the Court that after a review of the audiotapes or CDs that may be used at trial by the government, there are any actual audibility problems or issues with respect to such tapes or CDs.  Therefore, the defendant's motion in this regard is denied without prejudice to the right to reapply for such relief after the tapes or CDs in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court.  As part of this process, counsel for the government is hereby directed to identify those tapes or CDs that the government plans on using at the trial of the defendant and to have transcripts of those tape or CD recordings prepared.  Once such transcripts have been prepared, counsel for the government shall supply copies of the designated tapes or CDs and respective transcripts to counsel for the defendant.  Counsel for the defendant is hereby directed to review the aforesaid tapes or CDs and transcripts after receipt of same, and upon completion of such review, make known to counsel for the government those portions of the aforesaid tapes or CDs and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed.  Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the tapes or CDs in question and the correctness of the transcripts of such tapes or CDs.  Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion

for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

**Motion for Severance**

By this motion, defendant Snow seeks severance from his co-defendant Evans pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Dkt. #25, p.42. As discussed above, on October 3, 2012, co-defendant Evans, pursuant to the terms of a written plea agreement, entered a plea of guilty to Count 1 of the Indictment. Sentencing is presently scheduled for February 8, 2013. Based on the foregoing, defendant's motion for severance is denied as moot.

**Motion for Leave to Make Other Motions**

Finally, defendant Snow seeks an Order allowing him to make further and additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or by any information provided by the government in response to the defendant's demands." Dkt. #25, p.43. Subject to the limitations contained in the aforesaid quotation, the defendant's request to make further and additional motions that may be necessary is granted.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #26, pp.13-14. The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
           October 19, 2012

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**